1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. HUNTER, | CASE NO. 1:11-cv–00758-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| A. GOMEZ, | (ECF No. 1) |
| Defendant. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff William L. Hunter is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending is the complaint, filed May 4, 2011.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1    Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2    544, 555, 127 S. Ct. 1955 (2007)).

3        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4    in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5    the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6    at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7    pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8    between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9    Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11   S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13   **II.   Discussion**

14        **A.    Complaint Allegations**

15        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

16   is housed at Pleasant Valley State Prison. Plaintiff alleges that he is an insulin dependant diabetic,

17   and on February 13, 2009, while housed at Pleasant Valley State Prison, Defendant Gomez gave

18   Plaintiff the wrong insulin causing him to pass out. Plaintiff sustained neck and back injuries and

19   was unconscious for a period of time.

20        For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.

21   Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

22   described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff

23   with the legal standards that appear to apply to his claims. Plaintiff should carefully review the

24   standards and amend only those claims that he believes, in good faith, are cognizable.

25        **B.    Injecting Plaintiff With Wrong Medication**

26        Plaintiff alleges that Defendant Gomez injected him with the wrong medication causing him

27   to sustain injury. "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

28   an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Plaintiff's claim that Defendant Gomez injected him with the wrong medication alleges no more than negligence or medical malpractice in treating a medical condition, which does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057.

**C.    Failure to Process Inmate Appeals**

Plaintiff alleges that his due process rights and right to access the court were violated by the failure to process his inmate appeals.  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

While a prisoner has a right to meaningful access to the court, which extends to established grievance procedures, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff to respond to his appeals or based on the rejection of his appeals by staff.  Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221,

125 S. Ct. 2384, 2393 (2005).  The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995).  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).  There is no liberty interest in a prison grievance procedure as it is a procedural right only.  Mann, 855 F.2d at 640; Buckley, 997 F.2d at 495. Plaintiff has failed to state a cognizable claim, as the failure to process an inmates grievance, "without more, is not actionable under section 1983."  Id.

### D.   **Differential Treatment**

Plaintiff states that Defendant Gomez treated Plaintiff differently than other inmates, because she did not overdose any other inmate on that day.  The Equal Protection Clause requires that all persons who are similarly situated should be treated alike.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  While an equal protection claim may be established by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), the fact that other inmates received medication does not make them similarly situated to Plaintiff. Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against or treated differently than other similarly situated inmates.  Plaintiff's claim that he was the only inmate given an overdose of medication does not state a cognizable equal protection claim.

### E.   **Official Capacity**

Plaintiff brings this action against Defendant Gomez in her individual and official capacities. Plaintiff may not bring suit against Defendant Gomez in her official capacity.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991).  "Personal-

1    capacity suits . . . seek to impose individual liability upon a government officer for actions taken
2    under color of state law." Id. at 25.

3    **F.    Injunctive Relief**

4         Finally, Plaintiff is seeking an injunction preventing prison officials from retaliating against
5    him for filing this litigation.  The Prison Litigation Reform Act places limitations on injunctive
6    relief.  Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with
7    respect to prison conditions shall extend no further than necessary to correct the violation of the
8    Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any
9    prospective relief unless the court finds that such relief is narrowly drawn, extends no further than
10   necessary to correct the violation of the Federal right, and is the least intrusive means necessary to
11   correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

12        The relief requested by Plaintiff is not related to the underlying claims that Defendant Gomez
13   dispensed the wrong medication.  Since the relief sought would not remedy the violation of the
14   Federal right at issue here, the Court cannot grant the requested relief.  18 U.S.C. § 3626(a)(1)(A).
15   Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

16   **III.   Conclusion and Order**

17        For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
18   a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within
19   thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the
20   nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507
21   F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

22        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
23   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
24   Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the
25   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
26   caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although
27   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
28   speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Plaintiff's complaint, filed May 4, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **April 9, 2012**          **/s/ Barbara A. McAuliffe**
                              UNITED STATES MAGISTRATE JUDGE