# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. HUNTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. GOMEZ,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　/ | CASE NO. 1:11-cv–00758-BAM PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.　Procedural History**

Plaintiff William L. Hunter is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 4, 2011. (ECF No. 1.) On May 25, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 6.) Plaintiff's complaint was screened and dismissed, with leave to amend, for failure to state a claim on April 10, 2012. (ECF No. 10.) After receiving an extension of time, Plaintiff's first amended complaint was filed on June 12, 2012. (ECF No. 13.)

**II.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

### III.    First Amended Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Pleasant Valley State Prison. The event alleged in the complaint occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff brings this action against Warden Kelly Harrington, Chief Medical Officer Sherry Lopez, Licensed Vocational Nurse A. Gomez, and seven unidentified individuals alleging deliberate indifference in violation of the Eighth Amendment. (First Am. Compl. 2-3,[1] (ECF No. 13.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

Plaintiff was seen by Defendant Gomez to receive an insulin shot on February 13, 2009. Plaintiff alleges that after he explained to Defendant Gomez the kind and amount of insulin he needed, Defendant Gomez "was incompetent, and intentionally gave [him] the wrong medicine (some 40 cc.s) [sic] of insulin that caused [Plaintiff] to black-out and have an epileptic seizure." (Id. at 3.) When Plaintiff came to, he was informed by medical staff that he had an epileptic seizure from an overdose of insulin given by Defendant Gomez. (Id.)

Plaintiff alleges that Defendant Harrington knew or should have known that Defendant Gomez was incompetent and "did not thing to replace her." (Id. at 4.) Additionally, Defendant Lopez knew or should have known that Defendant Gomez was incompetent and "did nothing to replace her or have her adequately trained/supervised by other 'competent' medical staff." (Id.)

**III.     Discussion**

    **A.     Deliberate Indifference to Serious Medical Needs**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

While Plaintiff states that Defendant Gomez intentionally injected him with the wrong medication, the conclusory allegation that Defendant Gomez intentional injected him with the wrong medication does not suffice to state a claim. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Plaintiff's complaint alleges that Defendant Gomez was incompetent, and the factual allegations in the first amended complaint do not support a claim that the overdose of insulin was more than negligence, which is insufficient to state a claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.

1980); Toguchi, 391 F.3d at 1057. Even medical malpractice is not "a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106, 97 S. Ct. at 292. Plaintiff fails to state a cognizable claim that Defendant Gomez acted with deliberate indifference by injecting him with the wrong insulin.

### B. Supervisory Liability

Plaintiff cannot state a claim against Defendants Harrington and Lopez merely because they hold positions of authority at the prison. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. A supervisor may only be held liable for the actions of his subordinates under section 1983 if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). While Plaintiff alleges that Defendants Harrington and Lopez failed to provide competent medical personnel and should have known that Defendant Gomez was incompetent, the first amended complaint is devoid of any factual allegations to support a claim that Defendants Harrington and Lopez were aware that Defendant Gomez was incompetent to provide medical care to inmates.

The "failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); see City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989). The failure to train must be the moving force behind the constitutional violation. Canton, 489 U.S. at 391, 109 S. Ct. at 1206. Plaintiff's claim that Defendant Lopez failed to train Defendant Gomez fails as he has not alleged a cognizable claim for a violation of his constitutional rights.

### IV. Conclusion and Order

Plaintiff's first amended complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203

1  F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff has
2  been granted two opportunities to amend the complaint, with guidance by the Court.  Plaintiff has
3  now filed three complaints without alleging facts against any of the defendants sufficient to state a
4  claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being
5  cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. §
6  1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7  　　　　Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is
8  HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief
9  may be granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is
10 subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, No. 08-
11 15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

12 　　　IT IS SO ORDERED.

13 　　**Dated:    June 22, 2012**　　　　　　　　　　**/s/ Barbara A. McAuliffe**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE