# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. HUNTER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>A. GOMEZ,<br><br>　　　　　　Defendant.　　　　　　　／ | CASE NO. 1:11-cv–00758-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN THE TIME TO FILE AN APPEAL NUNC PRO TUNC |

　　　Plaintiff William L. Hunter is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 22, 2012, an order issued dismissing this action, with prejudice for failure to state a claim and judgment was entered. (ECF Nos. 14, 15.) On July 27, 2012, Plaintiff filed a notice of appeal.[1] (ECF No. 16.) On August 13, 2012, the Ninth Circuit construed Plaintiff's notice as a request to reopen the time to appeal and remanded to this court to consider the request. (ECF No. 20).

　　　A notice of appeal must be filed within thirty days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). The district court may reopen the time to appeal for a period of fourteen days where it finds that "the motion is filed within 180 days after the judgment or order is entered" and "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(B), (C). "Rule 4(A)(6) provides 'a limited

---

[1] When service is made by mail, the party has an additional three days in which to act. Fed. R. Civ. Proc. 6(d). Additionally, the prison mailbox rule applies to the filings of inmates in § 1983 actions. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff's documents are considered filed at the time that he delivered them to prison authorities to be forwarded to the clerk of the court. Douglas, 567 F.3d at 1106. Accordingly, Plaintiff's notice of appeal, mailed on July 25, 2012, is timely under the prison mailbox rule.

1

1  opportunity' for relief under specific circumstances." Nunley v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir. 1995). The purpose of Rule 4(a)(6) is to reduce the risk that a party would lose the right to appeal due to failure to receive notice of judgment. Nunley, 52 F.3d at 795. Although Rule 4(a) places the burden on the moving party to demonstrate that notice was not received, it does not mandate a strong presumption of receipt. Id.

In this instance, Plaintiff states that he did not receive notice of entry of judgment until sometime in July 2012. (Notice of Appeal 1, ECF No. 16.) Defendants have not been served in this action, and Plaintiff's appeal was filed shortly after he received notice, therefore, the Court finds that there would be no prejudice to the parties by allowing this appeal to proceed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen the time to file an appeal is GRANTED nunc pro tunc to July 27, 2012; and

2. The Clerk of the Court shall serve a copy of this order on the parties and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **August 19, 2012**                         **/s/ Barbara A. McAuliffe**
                                                              UNITED STATES MAGISTRATE JUDGE

2